IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BALDOMERO DURAN, JR | § | |
|     TDCJ-CID NO. 1687578 | § | |
| v. | § | C.A. NO. C-11-325 |
| | § | |
| RICK THALER | § | |

**AMENDED MEMORANDUM AND**
**RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**[1]

    Petitioner is a state prisoner currently incarcerated at the Gib Lewis Unit in Woodville, Texas. He filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1). Pending is Respondent's motion to dismiss. (D.E. 22). Petitioner has filed a response opposing this motion. (D.E. 25). For the reasons that follow, it is respectfully recommended that Respondent's motion to dismiss be granted, and that this habeas petition be dismissed.

## I. JURISDICTION

    The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted in Nueces County, Texas. (D.E. 1, at 2). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6).

## II. PROCEDURAL BACKGROUND

    Petitioner was indicted for family violence assault on May 17, 2007. (D.E. 26-2, at 5). On September 20, 2007, he was convicted and sentenced to seven years in prison. (D.E. 1, at 2;

---

[1] This amended memorandum and recommendation is issued to correct an error in the date when petitioner's conviction became final.

D.E. 26-2, at 16). He appealed his sentence, which was eventually affirmed by the Court of Appeals for the Thirteenth District of Texas on August 28, 2008. Duran v. State, No. 13-07-659-CR, 2008 WL 5575062, at *3 (Tex. App. Aug. 28, 2008) (unpublished). Afterwards, he sought and obtained an extension of time from the court to file his petition for discretionary review by November 28, 2008. (D.E. 26-3, at 1). This filing deadline was final and could not be further extended. Id. On November 21, 2008, Petitioner submitted his petition for discretionary review to the Texas Court of Criminal Appeals. (D.E. 26-7, at 1). The petition was subsequently refused on January 28, 2009. (D.E. 22-2, at 3; D.E. 26-5, at 1).

Meanwhile, Petitioner filed two state applications for habeas corpus relief on October 8, 2008, (D.E. 26-13, at 6), and March 2, 2009, (D.E. 26-15, at 6). These respective habeas applications were "dismissed" on November 19, 2008, (D.E. 26-13, at 2), and April 29, 2009, (D.E. 26-15, at 2), because his direct appeal was pending. On January 27, 2011, he filed a third state habeas application. (D.E. 26-14, at 6). This application was "denied" on March 9, 2011 without written order. Id. at 2. This pending habeas corpus petition was received by the Court on October 3, 2011. (D.E. 1, at 1).

### III. PETITIONER'S ALLEGATIONS

Petitioner provides five legal bases for collaterally challenging his state court conviction. First, he argues that the prosecutor failed to disclose that evidence relating to a prior federal conviction could be used in his state trial. (D.E. 1, at 13-14). Second, he claims that his right to be free from Double Jeopardy was violated because he was found guilty of assaulting a family member in state court and transporting illegal narcotics in a federal court. Id. at 15. Third, he contends that his trial counsel rendered ineffective assistance by (1) failing to call his step-

daughter as a witness, (2) failing to exercise due diligence in investigating his step-daughter's statements, (3) failing to investigate whether he was intoxicated during trial due to his medication, (4) failing to thoroughly cross-examine a witness, and (5) failing to show that he was innocent. Id. at 16-18. Fourth, Petitioner also asserts that the prosecution introduced inadmissible evidence of his prior conviction for assault. Id. at 19. Fifth, he maintains that there was insufficient evidence to support his conviction. Id. at 22.[2]

## IV. DISCUSSION

Respondent urges that this petition should be dismissed as time-barred, or for failure to exhaust. (D.E. 22, at 7).

**A.  Petitioner's Claim Was Not Filed Within The Limitations Period.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Petitioner also appears to attack a federal conviction for importing 19.8 kilograms of marijuana on the ground that his guilty plea was obtained involuntarily. (D.E. 1, at 7, 10-11). Subsequent to the entry of his guilty plea, this Court's McAllen Division entered a judgment of conviction on September 24, 2001. United States v. Duran, 7:01-cr-375-1 (S.D. Tex.). Because any habeas petition attacking the validity of a federal conviction or sentence must be filed in the sentencing court, Lee v. Wetzel, 244 F.3d 370, 373 n.3 (5th Cir. 2001) (citation omitted), it is respectfully recommended that this claim be dismissed.

>   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Nevertheless, certain actions will toll the limitations period. For example, while a prisoner seeks state habeas review, the AEDPA one-year period will be tolled:

>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

There are two separate and alternative ways a conviction can become "final" within the meaning of § 2244(d)(1)(A). In Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003), the Fifth Circuit held that "[i]f the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" Id. at 694 (citing 28 U.S.C. § 2244(d)(1)(A)). As the Fifth Circuit explained, both federal and state court filing deadlines determine when the conclusion of direct review occurs and the conviction becomes final:

>   [The time period for seeking direct review] includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeals process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009) ("[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state

courts,' and to this Court, has been exhausted. Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'") (citations omitted). Therefore, the petitioner's choice of actions during the appeals process determines when § 2244(d)(1)(A) triggers AEDPA's one-year limitations period.

Respondent claims, and Petitioner does not deny, that § 2244(d)(1)(A) is the only pertinent limitation. (D.E. 22, at 9). Petitioner does not suggest that the State created any impediment to his claim, the record does not reveal any such impediment, and therefore § 2244(d)(1)(B) is irrelevant. He has not advanced any argument for why or how any recent Supreme Court decisions acknowledged rights that he now claims; accordingly, § 2244(d)(1)(C) does not apply. Finally, because he does not base this petition on any new facts discovered within one year of filing this petition, § 2244(d)(1)(D) is inapplicable.

The record demonstrates that Petitioner failed to file this petition for federal habeas review within one year of the date the AEDPA limitations period began to run. The Texas Rules of Appellate Procedure directs petitioners to file their petition for discretionary review "within 30 days after ... the day the court of appeals' judgment was rendered" on direct appeal unless an extension of time is granted. Tex. R. App. P. 68.2. Petitioner's filing deadline was extended to November 28, 2008, (D.E. 26-3, at 1), and he was able to submit his petition for discretionary review on November 21, 2008. (D.E. 26-7, at 1). Given that this petition was denied on January 28, 2009, the limitations period of § 2244(d)(1)(A) began to run after the "ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort" elapsed on April 29, 2009. Roberts, 319 F.3d at 694; see also Tex. Rules App. Proc.

4.1(a) ("if [the last day of a deadline] is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday"). As a result, AEDPA's one-year limitations period established a deadline of April 28, 2010 for Petitioner to either file a federal habeas petition or toll the limitations period by filing a state habeas application.

Although Petitioner filed two state habeas applications in this intervening period, they were dismissed because his direct appeal was pending and cannot be used to toll AEDPA's one-year limitations deadline. (D.E. 26-13, at 2; D.E. 26-15, at 2); see also Larry v. Dretke, 361 F.3d 890, 894 (5th Cir. 2004) (failure to file a state habeas application in compliance with Tex. Code Crim. Proc. art. 11.07 precludes the application from being "properly filed" within the meaning of § 2244(d)(2)). No other state habeas application was submitted before April 28, 2010. Petitioner filed this federal habeas petition on September 7, 2011[3]–more than a year after the AEDPA deadline elapsed.[4] (D.E. 1, at 9). Therefore, it is respectfully recommended that this petition was filed outside the limitations period.

### B.     Petitioner Is Not Entitled To Equitable Tolling.

Equitable tolling of the limitations period applies principally where the petitioner is

---

[3] The Fifth Circuit has determined that "a pro se prisoner's habeas petition is filed, for purposes of determining applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam). Respondent concedes that Petitioner signed and affirmed that this petition was placed in the prison mailing system on September 7, 2011. (D.E. 1, at 9; D.E. 22, at 5 n.3). Nevertheless, he contends that the Spotville rule does not apply because the petition was submitted by a third-party. Id. In support of this assertion, Respondent observes that the petition was not received by the Court until almost a month later and was apparently mailed in an envelope with another person's return address. (D.E. 1, at 1, 30). Regardless of whether this petition was "filed" on September 7, 2011, or October 3, 2011, Petitioner would still have failed to comply with AEDPA's one-year limitations period.

[4] Even if Petitioner's March 2, 2009 state habeas application successfully tolled the AEDPA limitations period by fifty-eight days, (D.E. 26-15, at 2, 6), this application would still be untimely given that his next state habeas application was filed on January 27, 2011. (D.E. 26-14, at 6).

actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The doctrine is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). The Supreme Court has explained that, when evaluating equitable tolling, habeas "courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2563 (2010).

A careful review of the record does not reveal any potentially "rare and exceptional" circumstances warranting equitable tolling. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted). Although Petitioner insists that he is actually innocent, (D.E. 25, at 3), the Fifth Circuit has held that claims of actual innocence are not "rare and exceptional" circumstances, Felder, 204 F.3d at 171, and "a petitioner's claims of actual innocence are [not generally] relevant to the timeliness of his petition." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (citation omitted). Moreover, Petitioner provides no explanation for why he filed his federal habeas petition late; therefore, he fails to demonstrate that he "has been pursuing his rights diligently." Lawrence, 549 U.S. at 336 (citation omitted). Accordingly, it is respectfully

recommended that Petitioner is not entitled to equitable tolling.[5]

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d

---

[5] Respondent alternatively asserts that Petitioner failed to exhaust his available state remedies. (D.E. 22, at 10-14). Given that this petition is time-barred, it is not necessary to examine this exhaustion issue.

325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 22), be granted, and that this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 21st day of February 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).